UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═════════════════════════════════

SEVENSON ENVIRONMENTAL SERVICES, INC.,

        Plaintiff,

v.                               DECISION AND ORDER
                                          02-CV-0527A

SHAW ENVIRONMENTAL, INC.,

        Defendant.

═════════════════════════════════

## INTRODUCTION

Currently before the Court are the objections of plaintiff Sevenson Environmental Services, Inc. ("Sevenson"), to the bill of costs submitted by defendant Shaw Environmental, Inc. ("Shaw").

## DISCUSSION

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." The costs properly taxable under Rule 54(d)(1) are enumerated in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). The Court may tax as costs the following: (1) fees of the Clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and

witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.  See 28 U.S.C. § 1920.  Under Rule 54(d), "the prevailing party has the burden of establishing that the expenses [it] seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920."  Berryman v. Hofbauer, 161 F.R.D. 341, 344 (E.D. Mich. 1995) (citation omitted).  To meet this burden, the prevailing party must present sufficient evidence to show that each of the costs it has requested to be taxed was "reasonably necessary" and not for the "mere convenience of counsel."  Id. at 344 n. 2.

  Sevenson opposes the costs associated with deposition transcripts, arguing that because none of the deposition transcripts was submitted in connection with Shaw's motion for summary judgment, the costs associated with such transcripts are not taxable.  The Court disagrees.

  "[T]he proper inquiry is whether, at the time the deposition was taken, it appeared to be reasonably necessary."  Anderson v. City of New York, 132 F.Supp.2d 239, 246 (S.D.N.Y. 2001) (internal quotations and citations omitted); see also See Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1184 (Fed. Cir. 1996) ("The underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken.").

  In its response to Sevenson's objections, Shaw has explained to the

Court's satisfaction that each of the depositions at issue seemed reasonably necessary at the time it was taken. Accordingly, the costs associated with those depositions (*i.e.*, the fees of the court reporter for the stenographic transcript) are properly taxable.

The Court denies, however, the costs associated with "mini-scripts," diskettes, keyword indices, etc. Such items were obtained solely for the convenience of counsel and were not necessary for use in the case. See Galella v. Onassis, 487 F.2d 986, 999 (2d Cir. 1973).

The Court also denies the costs relating to the videotaping of certain depositions. Under Local Rule 54(c) of the Local Rules of Civil Procedure for the Western District of New York, any additional costs incurred in videotaping a deposition may not be taxed without a prior order of the Court allowing, or upon agreement of the parties for taxation of, such costs. This requirement does not appear to have been met here.

Finally, the Court denies Shaw's request for costs of copies of deposition exhibits (included under deposition costs) as such costs appear to have already been accounted for in Shaw's additional request for copying costs.

## **CONCLUSION**

For the reasons stated, the Court grants in part and denies in part Sevenson's objections to Shaw's bill of costs. Shaw shall file an amended bill of costs in accordance with this Decision and Order by September 28, 2007.

SO ORDERED.

                                           s/ *Richard J. Arcara*
                                           HONORABLE RICHARD J. ARCARA
                                           CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT

DATED: August 20, 2007